```
 1                IN THE UNITED STATES DISTRICT COURT

 2             FOR THE EASTERN DISTRICT OF CALIFORNIA

 3                          ---oOo---

 4       BEFORE THE HONORABLE GARLAND E. BURRELL, JR., JUDGE

 5
                            ---oOo---
 6

 7    UNITED STATES OF AMERICA,

 8                Plaintiff,

 9    vs.                              No. CR. S-12-362

10

11    ALAN DAVID TIKAL,

12                Defendant.

13    _____/

14

15                          ---oOo---

16                    REPORTER'S TRANSCRIPT

17                          HEARING

18                  FRIDAY, JANUARY 25, 2013

19                          ---oOo---

20

21

22

23

24    Reported by:     KIMBERLY M. BENNETT, CSR #8953

25                     RPR, CRR, RMR
```

APPEARANCES

For the Plaintiff:

    UNITED STATES ATTORNEY
    501 I Street, Suite 10-100
    Sacramento, California  95814
    BY:  PHIL FERRARI
       Assistant U.S. Attorney

    DEPARTMENT OF JUSTICE
    1300 I Street
    Sacramento, California  95814
    BY:  MAGGY R. KRELL
       Attorney at Law

For the Defendant:

    FEDERAL DEFENDER
    801 I Street, 3rd Floor
    Sacramento, California  95814
    BY:  MATTHEW C. BOCKMON
       Assistant Federal Defender

```
 1                     SACRAMENTO, CALIFORNIA
 2                FRIDAY, JANUARY 25, 2013, 9:31 A.M.
 3                            ---oOo---
 4          THE CLERK:  Calling 12-362; United States versus Alan
 5   David Tikal.
 6          MR. FERRARI:  Good morning, Your Honor.  Phil Ferrari
 7   and Maggy Krell for the United States.
 8          THE COURT:  Good morning.
 9          MR. BOCKMON:  Good morning.  Matthew Bockmon, with
10   Mr. Tikal.  He's present in court, in custody.
11          THE COURT:  Good morning.  Thank you.  Just a moment.
12          This is on calendar for a trial confirmation hearing.
13   But, before we proceed with that scheduled matter, or before
14   I ask you about the status, I'm going to cover a document.
15          The defendant submitted a document to the Court, it
16   was received January 18th of this year.  I have not filed the
17   document.  I had issued an earlier order to the Clerk of the
18   Court, directing the Clerk of the Court to send the
19   defendant's documents to Mr. Bockmon.  I did not tell the
20   Clerk of the Court to send this document to Mr. Bockmon
21   because I wanted to think about what to do with it.
22          The document states -- I'll tell you what I'm going to
23   do with it.  In fact, I'm going to sign my initials right
24   now, I'm going to add it to the docket.  I am beginning to
25   wonder why the defendant is filing documents when I told him
```

1   not to file them.
2          The defendant, in this document, states:
3          "Notice of Intent to Appeal"
4          "To:  The Honorable Judge Garland E. Burrell, Jr.
5          "I hereby give notice of my intent to appeal the
6   Court's ruling on the 8th of January, 2013, labeled document
7   18.  Respectfully submitted January 18, 2013."
8          Then there is a signature above the defendant's name,
9   and it says he's a living man, beneficiary, sui juris, and
10  another Latin phrase, without prejudice.  Oh, it does say
11  that it was cc'd to the prosecutor, to the defendant's
12  counsel, to the chief -- the then chief judge of this court,
13  and to somebody in London.
14         Document 18 that defendant wants to appeal is an order
15  I wrote.  It says:
16         "Order Regarding Defendant's In Pro Per Filings."
17         And it reads:
18         "On December 21, 2012, Defendant attempted to file in
19  propria persona a letter addressed to the Clerk of the Court
20  and attached IRS Form 56, seeking to have the Clerk of the
21  Court appointed as his fiduciary."  I'm going to stop right
22  there.
23         That makes no sense.  That's illogical.  And if the
24  defendant is serious about this, I question his competency.
25  If he's not serious about this, this appears to be some type

of harassment. I didn't say that the right way. If he's competent, and he's filing this type of a document, then that would appear to be purposeful harassment of a court employee, or a purposeful frivolous filing in a criminal action.

The order also states, in the next sentence:

"Further, on January 3, 2013, defendant attempted to file in propria persona a one page handwritten letter requesting, 'to set [him] free.' Defendant's December 21, 2012 and January 3, 2013 correspondence shall be returned to Defendant through his counsel.

"All future filings by Defendant are directed to be made through his counsel of record. The Clerk of the Court is directed to return any future filings made by Defendant in propria persona to his counsel of record without further direction by this Court."

Now, I issued that order because I had received other filings, and I had told the defendant that he was not authorized to engage in hybrid representation. I also cited authority in that order, in which I gave the defendant that information that suggested how the defendant could be so authorized.

So, I'm questioning your client's competency to proceed in this matter. And I would like -- I shouldn't say I would like. I should say, I'm inclined to send him to be evaluated for competency at a Bureau of Prisons's mental

1    health institution.
2        What is your response, Mr. Bockmon?
3        MR. BOCKMON:  Thank you, Your Honor.
4        My response is I don't have reasonable cause to
5    believe that my client currently suffers from a mental
6    disease or disorder rendering him incompetent to understand
7    these proceedings, or making him unable to assist in his
8    defense.
9        This is sort of a Catch-22, but I find that his
10   conduct, which you've just accurately described on the
11   record, is volitional in nature, and not the product of a
12   genuine mental illness.  And I think it's very much similar
13   to the case of United States versus Roberto Barajas-Cuevas,
14   2012 U.S. App. LEXIS 17242, August 10, 2012.  And what they
15   say -- it's a similar situation, and the BOP examiner found
16   no evidence the defendant "suffered from a major mental
17   disorder that would impair his ability to understand the
18   proceedings against him and assist counsel in his defense.
19   She opined that" defendant's "belief in a philosophy espoused
20   by tax protesters and anti-governmental groups was at the
21   root of his conduct, which she's characterized as 'volitional
22   in nature and not the product of genuine mental illness.'"
23       And I think that's the same situation here.  It's what
24   I've seen, Judge --
25       THE COURT:  Just a moment, Mr. Bockmon.  I haven't

1  read that case, but what you just read indicates to me that
2  the judge in that case had that defendant evaluated.
3          MR. BOCKMON:  That's true.
4          THE COURT:  And you're reading the evaluation.
5          MR. BOCKMON:  That's true.  I'm reading from the
6  conclusion of the evaluation.  I think it's the same
7  situation here.  It's what Judge Karlton has described in
8  other cases as a volitional or self-imposed delusional
9  disorder, where people are just embracing goofy concepts in
10 hopes of getting out of trouble through these goofy concepts.
11 Tax protester gibberish, if you will, Your Honor.  And I
12 don't think that rises to a level of not being able to
13 understand these proceedings, and not being able to assist in
14 his defense.  This is something he's doing on purpose, which
15 isn't necessarily crazy, it's just really stupid.
16         But, Your Honor has the authority, sua sponte, if you
17 find reasonable cause to believe that he suffers from such a
18 disorder, to have him evaluated.  If you think that he's not
19 understanding what's going on here, or you think he can't
20 assist me in his defense, Your Honor has the power to do
21 that.  Judge England -- Chief Judge England recently did that
22 in another case.
23         But, you asked me for my response, and that's my
24 response, Your Honor.  I don't -- I've given this a
25 substantial amount of thought, I thought about filing the

1  notice, I thought about having him evaluated locally here,
2  and that's not what I see, Your Honor.
3          THE COURT: Government.
4          MR. FERRARI: Well, Your Honor, the government has had
5  similar concerns because of these filings. I've discussed
6  this with Mr. Bockmon on a number of occasions, and his
7  response has always been what he put forward today. But I do
8  agree with the Court that the -- what Mr. Bockmon related to
9  the Court was the result of an evaluation. And it's my
10 understanding that the first prong of 4241 is not making a
11 determination that the defendant, in fact, suffers from a
12 mental disease or defect, but simply there is reasonable
13 cause to believe he may.
14         So, the first step is simply to set a hearing to
15 determine whether or not he does, and I think that there are
16 grounds for the Court to do that in this situation.
17         THE COURT: You said to set a hearing to determine
18 whether he may be presently suffering?
19         MR. FERRARI: Yes, Your Honor.
20         THE COURT: What type of evidence is contemplated to
21 be presented at that hearing?
22         MR. FERRARI: Section 4241 indicates that an
23 evaluation may be ordered in advance of that hearing, and the
24 result of that evaluation is what would be considered at that
25 hearing.

1           THE COURT:  Okay.  That's what I'm going to do.
2      When should I schedule the hearing?
3           MR. BOCKMON:  We were going to ask for March 15th in
4  any event, Your Honor.  Perhaps that would be a good control
5  date to see how they're doing.  It's supposed to be done
6  within 45 days, but it frequently goes on longer than that.
7  So, I would say March 15th, if that's okay with the
8  government, Your Honor.
9           MR. FERRARI:  I think we can set that as a control
10 date, with the idea that we would be in touch with the Bureau
11 of Prisons and be able to let the Court know when they
12 believe that evaluation would be completed.
13          THE COURT:  How about the Speedy Trial Act?
14          MR. BOCKMON:  Your Honor, there is an exclusion for
15 this very procedure.  And, also, Your Honor has previously
16 ruled this case is complex.  And it is, indeed, complex.
17 There is, allegedly, over a thousand victims.  There's
18 numerous other related cases, a bankruptcy.
19          Also, Your Honor, just yesterday I learned there are
20 additional statements by my client which the government will
21 be providing to me.  And there is also additional discovery
22 coming from the District of Nevada directly relevant to this
23 case.
24          THE COURT:  Okay.  When is the trial scheduled,
25 Ms. Furstenau?

1          THE CLERK:  February 26th.
2          THE COURT:  I will issue an order today in which I
3  will state, in part, that I have reasonable cause to believe
4  that the defendant may be presently suffering from a mental
5  disease or defect, rendering him mentally incompetent to the
6  extent that he is unable to assist properly in his defense.
7          His filings have been illogical.  When he first
8  appeared in front of me, he questioned my authority.  When I
9  asked him a question about why he was questioning my
10 authority, I don't remember his precise response, but he did
11 not respond with any logical response.  His persistent
12 filings, and his request to have the Clerk of the Court to
13 represent him in some capacity makes no sense and causes me
14 to question his sanity.
15         The hearing concerning his competency is scheduled to
16 commence at 9:00 a.m. on March 15th of this year.  Time is
17 excluded under the Local Code applicable to such proceedings.
18 The trial date is vacated.
19         Anything further?
20         MR. BOCKMON:  No, Your Honor.  Thank you very much.
21         MR. FERRARI:  Thank you, Your Honor.
22         THE COURT:  It's adjourned.
23              (Proceedings adjourned, 9:49 A.M.)
24                        ---oOo---
25

REPORTER'S CERTIFICATE

---oOo---

STATE OF CALIFORNIA    )
COUNTY OF SACRAMENTO   )

    I, KIMBERLY M. BENNETT, certify that I was the Official Court Reporter, and that I reported verbatim in shorthand writing the foregoing proceedings; that I thereafter caused my shorthand writing to be reduced to typewriting, and the foregoing pages constitute a complete, true, and correct record of said proceedings:

    COURT:   U.S. District Court
                Eastern District of California

    JUDGE:   Honorable GARLAND E. BURRELL, JR.,
                Judge

    CASE:    UNITED STATES OF AMERICA vs. ALAN DAVID
                TIKAL

    DATE:    JANUARY 25, 2013

    IN WITNESS WHEREOF, I have subscribed this certificate at Sacramento, California.

                            /s/ Kimberly M. Bennett
                            KIMBERLY M. BENNETT
                            CSR No. 8953, RPR, CRR, RMR