UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALAN DAVID TIKAL<br><br>Defendant. | No. 2:12-cr-00362-TLN<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VOID CONVICTION** |

This matter is before the Court pursuant to Defendant Alan David Tikal's ("Defendant") Motion to Void Conviction (ECF No. 157). Throughout the course of this case, Defendant has continually argued that this Court lacks jurisdiction and venue to try his case. The Court has heard such arguments numerous times and each time ruled that jurisdiction and venue are proper. The Court's interpretation of the law has not changed.

Pursuant to 18 U.S.C. § 3231, "[t]he district courts of the United States have original jurisdiction, exclusive of the courts of the States, of all offences against the laws of the United States." Defendant was convicted of Mail Fraud in Violation of 18 U.S.C. § 1341, and Money Laundering in Violation of 18 U.S.C. § 1957. (ECF No. 149.) As to Defendant's arguments concerning venue, venue is proper in the district where the offense conduct occurred. The facts stipulated to by Defendant establish that the relevant conduct occurred in this district. Defendant references the 1966 amendments to Rule 18 of the Rules of Criminal Procedure, for the statement

1

that "A division of district is no longer a unit of venue in criminal cases." *U.S. v. Burns*, 662 F.2d 1378, 1382 (11th Cir. 1981). However, those amendments addressed possible delays in proceeding to trial, associated with the former requirement that a trial take place in the division, within the district, where the offense conduct took place. These concerns are not implicated here, and do not support a finding of acquittal. As such, Defendant's Motion to Void Conviction (ECF No. 157) is hereby DENIED.

IT IS SO ORDERED.

Dated: October 24, 2014

Troy L. Nunley
United States District Judge