BENJAMIN B. WAGNER
United States Attorney
PHILIP A. FERRARI
KEVIN C. KHASIGIAN
Assistant U.S. Attorneys
MAGGY KRELL
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    v.<br><br>ALAN DAVID TIKAL,<br><br>      Defendant. | 2:12-CR-00362 TLN<br><br>STIPULATION AND APPLICATION FOR A MONEY JUDGMENT; ORDER |

  The United States and defendant Alan David Tikal stipulate to the entry of a Money Judgment based on the Application of the United States, as set forth below:

  1. The Superseding Indictment in this case charges defendant Alan David Tikal with Conspiracy, Mail Fraud Affecting a Financial Institution, and Monetary Transactions in Criminally Derived Property in violation of 18 U.S.C. §§ 371, 1341 and 1957.  The Superseding Indictment included a forfeiture allegation seeking a personal forfeiture money judgment in the amount of $3,400,000.

  2. On September 15, 2014, defendant Alan David Tikal was found guilty of Counts Two through Twelve which charges him with Mail Fraud Affecting a Financial Institution in violation of 18 U.S.C. § 1341, and Count Thirteen which charges him with Monetary Transactions in Criminally Derived Property in violation of 18 U.S.C. § 1957.

3.	Defendant Alan David Tikal stipulates and agrees to forfeit voluntarily and immediately $2,500,000, as a personal money judgment pursuant to Fed. R. Crim. P. 32.2(b)(1), which reflects a reasonable compromise between the parties for forfeiture purposes concerning the proceeds the defendant obtained as a result of violations of 18 U.S.C. §§ 1341 and 1957, to which he has been found guilty.

4.	The government hereby applies for entry of a money judgment as follows:

a.	Pursuant to 18 U.S.C. §§ 982(a)(1), 982(a)(2)(A), and Fed. R. Crim. P. 32.2(b)(1), the Court shall impose a personal forfeiture money judgment against defendant Alan David Tikal in the amount of $2,500,000.

b.	The above-referenced personal forfeiture money judgment is imposed based on defendant Alan David Tikal's conviction for violating 18 U.S.C. §§ 1341 and 1957. Said amount reflects a reasonable compromise between the parties for forfeiture purposes concerning the proceeds the defendant obtained, which the defendant agrees is subject to forfeiture based on the offenses of conviction. Any funds applied towards such judgment shall be forfeited to the United States of America and disposed of as provided for by law.

5.	Payment of the personal forfeiture money judgment should be made in the form of a cashier's check made payable to the U.S. Department of the Treasury and sent to the U.S. Attorney's Office, Att: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814. Prior to the imposition of sentence, any funds delivered to the United States to satisfy the personal money judgment shall be seized and held by the Internal Revenue Service, Criminal Investigation in its secure custody and control.

///
///
///
///
///
///
///

Stipulation and Application for
a Money Judgment; Order

6. This stipulation is not an admission of liability or guilt and in no way restricts or affects defendant Alan David Tikal's right to appeal the judgment or sentence in his criminal case.

DATED: 3/4/2015

BENJAMIN B. WAGNER
United States Attorney

/s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

DATED: 4 March 2015

/s/ Alan David Tikal
ALAN DAVID TIKAL
Defendant *Pro Per*
(Signature retained by attorney)

DATED: _____

_____
MATTHEW C. BOCKMON
Attorney for Defendant

## ORDER

For good cause shown, the Court hereby imposes a personal forfeiture money judgment against defendant Alan David Tikal in the amount of $2,500,000. Any funds applied towards such judgment shall be forfeited to the United States of America and disposed of as provided for by law. Prior to the imposition of sentence, any funds delivered to the United States to satisfy the personal money judgment shall be seized and held by the Internal Revenue Service, Criminal Investigation, in its secure custody and control.

IT IS SO ORDERED.

Dated: March 4, 2015

_____
Troy L. Nunley
United States District Judge