UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>ALAN DAVID TIKAL,<br><br>Movant. | No. 2:12-cr-00362-TLN-KJN<br><br>**ORDER** |

This matter is before the Court pursuant to Movant Alan David Tikal's ("Movant") motion to recuse United States District Court Judge Troy L. Nunley (the "Undersigned") (ECF No. 284) in connection with Movant's "Motion to Set Aside and Vacate Judgment" pursuant to 28 U.S.C. § 2255 (ECF No. 287). The Undersigned has carefully considered Movant's arguments. For the reasons set forth below, Defendant's motion is DENIED.

**I.  INTRODUCTION**

Two federal statutes govern recusal: 28 U.S.C. § 144 ("Section 144") and 28 U.S.C. § 455 ("Section 455"). The instant motion identifies neither of them. Given the Movant's *pro se* status, the Undersigned will analyze his motion under each separately. However, before doing so the Undersigned will first set out the procedural posture of Movant's case and the contents of his "Affidavit of Bias Motion for Recusal" (ECF No. 287).

///

1

## II. PROCEDURAL POSTURE

On September 15, 2014, Movant was convicted of eleven counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of money laundering, in violation of 18 U.S.C. § 1957, following a bench trial. (*See* ECF No. 149.) On March 5, 2015, the Movant was sentenced to 288 months in prison. (*See* ECF No. 222.) The Ninth Circuit found "no arguable grounds for relief on direct appeal." (ECF No. 281.) Thereafter, Plaintiff filed his "Affidavit of Bias Motion for Recusal" pursuant to 28 U.S.C. § 2255. (ECF No. 284.) The instant motion was filed the same day.

## III. MOVANT'S "AFFIDAVIT OF BIAS"

Movant's submission is denominated "Affidavit of Bias Motion for Recusal." (ECF No. 287 at 1–2.) It provides in full as follows:

> On 21 August 2014, Judge Nunley misconstrued a motion for proof of venue as an objection to proper venue.
>
> On 11 September 2014, Judge Nunley's pattern of willful prejudice continues with: "same stale arguments . . . whether or not venue is proper. . . . I am not going to revisit my previous ruling."
>
> On 15 September 2014, [Movant] makes timely and sufficient objection to the lack of proof of venue preserving; therefore, not waiving the issue.
>
> Judge Nunley's pattern of bias extends to citing his 21 August 2014 prejudicial ruling to deny my right to demand proof of venue.
>
> Around June 2015, [Movant] filed a complaint of judicial misconduct against Judge Nunley.
>
> While this complaint was denied, I still fear retaliation and given Judge Nunley's willingness to ignore the law to inflict cruel and unusual punishment by allowing and perpetuating this vexatious conviction as 2:12-cr-362-01 is barred by DOJ official policy.
>
> Judge Nunley can not [sic] be expected to be unbiased when he is already on the record with: "I will not revisit my previous ruling."

(ECF No. 287 at 1–2 (internal citations omitted).)

/ / /

/ / /

/ / /

2

1     **IV. ANALYSIS**

2         A. Recusal Pursuant to 28 U.S.C. § 144

Section 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

"Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). The district court judge against whom the recusal motion is made first determines whether the affidavit is timely and legally sufficient. *Id*. (citing *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978)). This initial inquiry is "addressed to the facial sufficiency of the affidavit not to the truth or falsity of the facts stated therein." *Azhocar*, 581 F.2d at 738. If the affidavit is timely and facially legally sufficient, "the motion must be referred to another judge for a determination of its merits." *Sibla*, 624 F.2d at 867.

In the instant case, it is clear from the face of the affidavit that it fails to satisfy the requirements of Section 144 and, therefore, need not be referred to another judge. Section 144 requires that the affidavit "be accompanied by a *certificate of counsel* of record stating that it is made in good faith." Section 144 (emphasis added). For this reason, some courts have concluded that an individual proceeding *pro se* simply cannot move for recusal under Section 144. *See Jimena v. UBS AG Bank*, No. CV-F-07-367 OWW/SKO, 2010 WL 2650714, at \*3 (E.D. Cal. July 1, 2010) (collecting cases). "Other courts have ruled that the affidavit of any counsel who is a member of the bar may sign the certificate of good faith." *Id*. (collecting cases). Here, the Undersigned need not wade into this debate as no certificate of good faith was submitted with

Movant's affidavit.

## B. Recusal Pursuant to 28 U.S.C. § 455

Section 455 provides in relevant part:

> (a) Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

In short, "Section 455 requires not only that a judge be subjectively confident of his ability to be evenhanded, but also that an informed, rational, objective observer would not doubt his impartiality." *In re Bernard*, 31 F.3d 842, 844 (9th Cir. 1994). Motions under this section are "addressed to, and must be decided by, the very judge whose impartiality is being questioned." *Id.* at 843. That judge applies two different standards in determining whether recusal is appropriate. Section 455(b) requires the "subjective standard" provided by its text. *United States v. Holland*, 519 F.3d 909, 915 (9th Cir. 2008). Section 455(a), on the other hand, requires the application of an "objective test." *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005).

The Ninth Circuit has articulated the Section 455(a) "objective test" as follows: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* (internal quotation marks omitted). Put another away, "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Holland*, 519 F.3d at 913 (quoting *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990)). For purposes of this inquiry, "[t]he 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *Id.* (quoting *In re Mason*, 916 F.2d at 385). Indeed, "[t]he reasonable third-party observer is not a 'partly informed man-in-the-street,' but rather someone who 'understand[s] all the relevant facts' and has examined the record and law." *Id.* at 914 (quoting *LoCascio v. United States*, 473 F.3d 493, 496 (2d Cir. 2007)).

The Undersigned will first examine whether recusal is appropriate under Section 455(b) as it will streamline the analysis under Section 455(a). The Undersigned has no *actual* personal bias or prejudice concerning the Movant and none of the other circumstances identified in Section 455(b) are present here.[1] Consequently, the Undersigned will now analyze whether recusal is appropriate under Section 455(a).

For the reasons set forth below, the Section 455(a) standard is not met here. To better illustrate this, the Undersigned will first summarize what appear to be the four reasons Movant thinks the Undersigned should not decide his 28 U.S.C. § 2255 motion.[2] They are as follows: (i) in Movant's view, the Undersigned's August 21, 2014, ruling was legally erroneous, (ii) in Movant's view, the Undersigned's use of the word "stale" to describe Movant's arguments in support of reconsidering the August 21, 2014, ruling suggests the Undersigned is biased against Movant, (iii) in Movant's view, the Undersigned cannot be trusted to correct a legal error brought to his attention in connection with a 28 U.S.C. § 2255 motion since the Undersigned previously declined to reconsider the August 21, 2014, ruling, and (iv) the Undersigned should recuse himself because Movant allegedly filed a complaint of judicial misconduct against the Undersigned. (*See* ECF No. 287 at 1–2.) The Undersigned will address each of these points.

With respect to the first point, Supreme Court and Ninth Circuit precedent make clear that a litigant is not entitled to have a different judge hear his case simply because that judge has issued a legal ruling that the litigant views as adverse. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1145 (9th Cir. 2001). This does not change simply because the litigant thinks the adverse ruling in his case is legally erroneous.[3] Indeed, "[j]udges are known to make procedural and even substantive errors

---

[1] The Undersigned has not listed the specific disqualifiers Section 455(b)(2)–(5) as they are not implicated here.

[2] Movant has not included a brief in support of his motion for recusal.

[3] For the sake of completeness, the Undersigned notes that Movant has included with his motion a "Brief and Authorities in Support of Tikal Motion as to Territorial Jurisdiction" (ECF No. 287 at 3–4) and a "Brief and Authorities in Support of Tikal's Motion as to Proof of Venue" (ECF No. 287 at 5). While not clearly stated, the purpose of their inclusion seems to be an attempt to bolster the motion for recusal by demonstrating certain of the Undersigned's prior rulings were legally erroneous.

5

on occasion." *F.J. Hanshaw Enterprises, Inc.*, 244 F.3d at 1145. "[J]udicial rulings alone . . . . [a]lmost invariably . . . are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. An alleged error without more is not evidence of bias and, likewise, does not "support a recusal motion." *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004).

With respect to the second point, judicial remarks accompanying a ruling "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555. Where, as here, the alleged errors "all occurred in the course of the judicial proceedings and trial administration" and there is no suggestion they were "based upon knowledge acquired outside the proceedings," such remarks will only support recusal if "they display deep-seated and unequivocal antagonism that would render fair judgment impossible." *F.J. Hanshaw Enterprises, Inc.*, 244 F.3d at 1145; *see also Liteky*, 510 U.S. at 555–56 ("*Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.") (emphasis retained). Frankly, it is hard to imagine a set of circumstances where deep-seated and unequivocal antagonism could ever be communicated simply by the use of the word "stale." But even assuming it can be done, a reasonable person who understood all the relevant facts and examined the record and law would not find this standard met in the circumstances of this case. *See generally United States v. Brown*, No. 2:13-cr-00407-TLN, 2016 WL 6988665, at *3 (E.D. Cal. Nov. 29, 2016) (requests to reconsider are "not the proper vehicles for rehashing old arguments, and are not intended to give an unhappy litigant one additional chance to sway the judge") (internal quotation marks omitted).

With respect to the third point, a reasonable, informed observer would not perceive a significant risk that the Undersigned would resolve Movant's 28 U.S.C. § 2255 motion on a basis other than the merits based on the Undersigned's previous denial of Movant's request for reconsideration. As a preliminary matter, such an observer would know "[i]t has long been the rule in the Ninth Circuit that a judge who has conducted a criminal case is not disqualified from ruling on a motion brought under [28 U.S.C. §] 2255 regarding the trial court proceedings."

*United States v. Seaton*, No. C 02-00044 MHP, 2010 WL 1998562, at *3 (N.D. Cal. May 18, 2010) (citing *Battaglia v. United States*, 390 F.2d 256, 259 (9th Cir. 1968)). Similarly, such an observer would know that a district court judge's denial of request to reconsider a previous ruling where the movant simply reiterated already-rejected arguments is not a refusal on the part of the district court judge to follow the law. *See Brown*, 2016 WL 6988665, at *3. Consequently, this third point does not provide a basis for recusal.

With respect to the final point, the Ninth Circuit has made clear that a judge's knowledge that a litigant has filed a judicial complaint against him does not require that judge to recuse himself "[a]bsent some evidence of real bias[.]" *In re Focus Media, Inc.*, 378 F.3d at 930. As the Ninth Circuit explained, to do otherwise would "open the door to misuse of the judicial misconduct complaint process as a means of removing a disfavored judge from a case." *Id*. As previously noted, the Undersigned has no *actual* personal bias or prejudice concerning the Movant. Likewise, for the reasons discussed above, Section 455(a)'s objective standard is not met. Consequently, recusal is not warranted merely because Movant filed a judicial complaint against the Undersigned.[4] *See id*.

### V. CONCLUSION

For the foregoing reasons, Movant's motion for recusal is hereby DENIED.

IT IS SO ORDERED.

Dated: August 17, 2017

                                                                               Troy L. Nunley
                                                                               United States District Judge

---

[4] The Undersigned has not received a copy of any judicial complaint filed by Movant naming the Undersigned. However, for purposes of this Order, the Undersigned assumes that such a complaint was filed and denied as indicated in Movant's affidavit.

7