# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALAN DAVID TIKAL, TAMARA TERESA TIKAL, and RAY JAN KORNFELD,<br><br>Defendants. | No. 2:12-cr-00362-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendant Alan David Tikal's (hereafter, "Defendant") motions to adjust and reduce his term of incarceration (ECF No. 324; ECF No. 326). For the reasons set forth in this Order, the Court DENIES Defendant's motions.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant stands convicted of multiple counts of mail fraud affecting a financial institution in violation of 18 U.S.C. § 1341, as well as one count of money laundering in violation of 18 U.S.C. § 1957. (*See* ECF No. 149.) In March 2015, Defendant was sentenced to 288 months in prison on the mail fraud counts and to a concurrent term of 120 months in prison on the money laundering count. (ECF No. 223 at 2.)

On June 18, 2018, Defendant filed a first motion to reduce his sentence. (ECF No. 324.) Defendant's motion requests that the Court retroactively apply a two-point reduction to Defendant's advisory sentencing range as set forth by the United States Sentencing Commission Guidelines Manual (hereafter, "Sentencing Guidelines" or "Guidelines"). (ECF No. 324 at 1.) Defendant also requests that following this retroactive reduction to his advisory sentencing range, the Court proportionally reduce the actual sentence it imposed on Defendant. (ECF No. 324 at 1.) Defendant argues that the Court may retroactively recalculate the advisory sentencing range applicable to Defendant pursuant to the authority of *Hughes v. United States*, 138 S. Ct. 1765 (2018), and 18 U.S.C. § 3582(c)(2). (ECF No. 324 at 1.)

On March 25, 2019, Defendant filed another motion requesting similar relief. (ECF No. 326.) This second motion requests that the Court reduce his sentence "in light of the FIRST STEP ACT whereby 60 year old inmates serve 2/3rds." (ECF No. 326 at 1.) Defendant requests that the Court take judicial notice of the fact that he will turn sixty years old during his term of incarceration in early 2028. (ECF No. 326 at 1.) Defendant also requests that the Court take judicial notice of the fact that he tried unsuccessfully to obtain this relief through administrative channels. (ECF No. 326 at 1.) Defendant attached copies of correspondence he appears to have engaged in with administrators at the federal facility known as Victorville Medium I Federal Correctional Institution. (ECF No. 326 at 3–4.) This correspondence demonstrates that Defendant's end goal is to have his projected release date adjusted, presumably because this will result in his being regarded as a lower security risk during his remaining term of incarceration. (*See* ECF No. 326 at 3 ("Please also remove the public safety factor for sentence length.").)

The government did not file a response to either of Defendant's motions.

## II. STANDARD OF LAW

### A. Retroactive Sentencing Guidelines Reduction

"Under the Sentencing Reform Act of 1984, the United States Sentencing Commission establishes Sentencing Guidelines based on the seriousness of a defendant's offense and his criminal history." *Hughes*, 138 S. Ct. at 1772. While the Sentencing Guidelines are advisory only, "a district court still 'must consult those Guidelines and take them into account when sentencing.'" *Id.* (quoting *United States v. Booker*, 543 U.S. 220, 264 (2005)). The United States Sentencing Commission (hereafter, "Commission") must periodically review and revise the Sentencing Guidelines, and in doing so, must "decide whether amendments to the Guidelines should have retroactive effect." *Id.* at 1773. If the Commission determines that an amendment to the Sentencing Guidelines applies retroactively, district courts are authorized "to reduce the sentences of prisoners who were sentenced based on a Guidelines range that would have been lower had the amendment been in place when they were sentenced." *Id.* (citing 18 U.S.C. § 3582(c)(2)).

A district court deciding whether to reduce a defendant's sentence must first "determine the defendant's eligibility for a sentence reduction." *United States v. Mercado-Moreno*, 869 F.3d 942, 948 (9th Cir. 2017) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). A defendant is only eligible for a reduction if "(1) the defendant's term of imprisonment was based on a sentencing range that has subsequently been lowered by a retroactive amendment to the Guidelines, and (2) the reduction is consistent with USSG § 1B1.10, the policy statement that implements § 3582(c)(2)." *Id.* at 949. The policy statement, in turn, provides that a sentence reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (d) is applicable to the defendant." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2) (U.S. Sentencing Comm'n 2018). Subsection (d) of the policy statement contains a list of amendments that are to be applied retroactively. *Id.* § 1B1.10(d).

### B. Elderly Offender Family Reunification and the First Step Act of 2018

Federal law authorizes the Attorney General of the United States to "conduct a pilot

program to determine the effectiveness of removing eligible elderly offenders . . . from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A). "In carrying out a pilot program as described in subparagraph (A), the Attorney General may release some or all eligible elderly offenders . . . from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender . . . ." *Id.* § 60541(g)(1)(B).

The First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5238–41 (2018), amended the statute authorizing this pilot program to provide that a person qualifies to participate in the program if, *inter alia*, the person is a nonviolent offender in the custody of the Bureau of Prisons who is at least sixty years of age, the offender is serving a prison term of less than life, and the offender has served at least two-thirds of their prison term. *See* 34 U.S.C. § 60541(g)(5). The statute authorizing this pilot program also requires the Bureau of Prisons to consider a number of other factors before determining whether a particular offender qualifies for early release to home detention, including whether the offender has attempted to escape from a Bureau of Prisons institution, whether the offender's early release to home detention will save the Federal Government money, and whether the offender is at risk of engaging in criminal conduct if released to home detention. *Id.*

**III. ANALYSIS**

    A.    <u>Retroactive Sentencing Guidelines Reduction</u>

Defendant argues that "in light of" the Supreme Court's decision in *Hughes*, he is "eligible for relief under [18 U.S.C. §] 3582(c)(2) because [his] sentence of 288 months was based upon the sentencing guidelines with a reduction for releasing liens . . . in which even the government conceded that [his] sentence was severe." (ECF No. 324 at 1.) This argument does not come remotely close to establishing Defendant's "eligibility for a sentence reduction." *Mercado-Moreno*, 869 F.3d at 948.

        *i.*    *Amendment 782 to the Sentencing Guidelines*

First, despite his citation to *Hughes*, Defendant makes no showing whatsoever that his "term of imprisonment was based on a sentencing range that has subsequently been lowered by a

4

retroactive amendment to the Guidelines." *Mercado-Moreno*, 869 F.3d at 949. The defendant in *Hughes* received a 180-month sentence for conspiracy to distribute methamphetamine less than two months before the Commission reduced the base offense level applicable to most drug crimes by adopting Amendment 782 to the Sentencing Guidelines. *Hughes*, 138 S. Ct. at 1773–74. Amendment 782 — which was later made retroactive by a subsequent Sentencing Guidelines amendment — would have lowered the defendant's applicable sentencing range by three to four years had it been in effect when he was originally sentenced. *Id.* at 1774. The Supreme Court's relatively limited holding in *Hughes* was that the defendant could apply for a retroactive sentence reduction based on Amendment 782, despite the fact that his plea agreement had stipulated to a specific sentence length. *Id.* at 1778.

But unlike *Hughes*, in the instant case Defendant does not identify an amendment to the Sentencing Guidelines that would have changed the sentencing range found to be applicable to his crime during his original sentencing in 2015. (*See* ECF No. 260 at 9–12 (finding at Defendant's sentencing hearing that the advisory Sentencing Guidelines range of imprisonment was 360 months to life).) Certainly, the particular amendment at issue in *Hughes* — Amendment 782 — is inapposite here because it applies solely to narcotics-related offenses. *See Hughes*, 138 S. Ct. at 1774 ("The amendment reduced the base offense level by two levels for most drug offenses."); U.S. Sentencing Guidelines Manual App. C, Amend. 782 (U.S. Sentencing Comm'n 2018) ("This amendment revises the guidelines applicable to drug trafficking offenses . . . ."). It is undisputed that Defendant's convictions are not in any way related to federal narcotics crimes, which means that Amendment 782 does not apply to Defendant. (*See* ECF No. 223 at 1.) Accordingly, *Hughes* simply does not compel or even suggest the conclusion that Defendant's "term of imprisonment was based on a sentencing range that has subsequently been lowered by a retroactive amendment to the Guidelines." *Mercado-Moreno*, 869 F.3d at 949.

Furthermore, though Defendant cites to *Hughes* for the general proposition that "even a sentence below the guideline range" can be eligible for retroactive reduction pursuant to 18 U.S.C. § 3582(c)(2), this in no way demonstrates that the actual sentencing range applied at Defendant's sentencing is eligible for such treatment. (ECF No. 324 at 1.) Nothing in *Hughes*

5

changed the requirement that a defendant requesting relief based on a retroactive amendment to the Sentencing Guidelines must — regardless of whether that defendant received a sentence within or below the advisory range — show that the sentence "would have been lower had the amendment been in place when they were sentenced." *Hughes*, 138 S. Ct. at 1773 (citing 18 U.S.C. § 3582(c)(2)). Just because Defendant's 288-month sentence was less than the 360-month minimum of the applicable Sentencing Guidelines range (*see* ECF No. 324 at 1 (asserting that *Hughes* "held that even a sentence below the guideline range is eligible for relief under 3582(c)(2)")), does not mean that *Hughes* compels the Court to apply a retroactive amendment that is facially inapplicable to the offenses of which Defendant was convicted (*see* ECF No. 223 at 1).

### ii. Other Sentencing Guidelines Amendments

To the extent that Defendant's argument could be liberally interpreted to rely on any of the other amendments listed in section 1B1.10(d) of the Sentencing Guidelines, that argument also fails because Defendant does not and cannot demonstrate that "the guideline range applicable to [his case] has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)." U.S. Sentencing Guidelines Manual § 1B1.10(a)(1) (U.S. Sentencing Comm'n 2018); *see also Mercado-Moreno*, 869 F.3d at 949 (requiring a defendant requesting retroactive sentencing relief to demonstrate that the "term of imprisonment was based on a sentencing range that has subsequently been lowered by a retroactive amendment to the Guidelines").

Section 1B1.10(d) of the Sentencing Guidelines contains twenty-nine listed amendments. *See* U.S. Sentencing Guidelines Manual § 1B1.10(d) (U.S. Sentencing Comm'n 2018) ("Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156 . . . ."). However, none of these amendments apply retroactively to Defendant's sentence because all of them were already effective and incorporated into the Sentencing Guidelines that the Court utilized to determine the advisory sentencing range applicable to Defendant in March 2015. *See, e.g.*, U.S. Sentencing Guidelines Manual App. C, Amend. 750 (U.S. Sentencing Comm'n 2018) (establishing an effective date of November 1, 2011). This includes even the

most recently enacted amendment listed in section 1B1.10(d) — Amendment 782, which became effective approximately four months prior to Defendant's sentencing hearing. U.S. Sentencing Guidelines Manual Supp. to App. C, Amends. 782 & 788 (U.S. Sentencing Comm'n 2018) (establishing an effective date of November 1, 2014). Accordingly, since section 1B1.10(d) contains no amendments which could retroactively apply to Defendant's conviction following his sentencing, he is unable to show that his "term of imprisonment was based on a sentencing range that has subsequently been lowered by a retroactive amendment to the Guidelines." *Mercado-Moreno*, 869 F.3d at 949.

For the foregoing reasons, Defendant's request for a retroactive two-point reduction in his Sentencing Guidelines calculation (ECF No. 324) is DENIED.

B. <u>Elderly Offender Family Reunification and the First Step Act of 2018</u>

Defendant's request for a sentence adjustment pursuant to the First Step Act of 2018 must also fail for at least two reasons.

First, the plain language of the First Step Act's elderly offender reunification provision demonstrates that it applies only to offenders who are sixty years of age or older. 34 U.S.C. § 60541(g)(5) ("The term 'eligible elderly offender' means an offender in the custody of the Bureau of Prisons . . . who is not less than 60 years of age . . . ."). By his own admission, Defendant does not turn sixty until March 26, 2028. (ECF No. 326 at 1.) He is now "less than 60 years of age," and as such, does not qualify as an "eligible elderly offender" under the terms of the statute which he argues entitles him to relief. 34 U.S.C. § 60541(g)(5).

Second, even if Defendant did qualify as an eligible elderly offender subject to 34 U.S.C. § 60541(g), this statute merely grants the Attorney General discretion to release eligible elderly offenders. *See id.* § 60541(g)(1)(B) ("In carrying out a pilot program as described in subparagraph (A), the Attorney General *may* release *some or all* eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention . . . ." (emphasis added)). The face of the statute does not require the Attorney General to release offenders like Defendant to home detention, nor does it require the Attorney General to predetermine whether an offender like Defendant will qualify for this pilot program in 2028,

which will be five years after its current legislative authorization expires. *See id.* § 60541(g)(3) (limiting legal authority to carry out the early home detention pilot program to "fiscal years 2019 through 2023").

Furthermore, age is not the only factor the Attorney General must consider in deciding whether an offender is eligible for the early home detention pilot program. The statute mandates that the Attorney General and the Bureau of Prisons make a number of additional determinations regarding an offender's eligibility for early home detention once that offender reaches sixty years of age. *See id.* § 60541(g)(5). Such determinations include: whether the offender has a history of violence, whether the offender has attempted to escape from a Bureau of Prisons institution, whether the offender presents a "substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention," and so forth. *Id.* Since neither the Attorney General nor the Court can predict how Defendant's behavior will affect these determinations between 2019 and 2028 (assuming that legislative authorization for the pilot program continues to exist in 2028), Defendant cannot at this point in time establish a basis for his request for a sentence reduction pursuant to the First Step Act. (*See* ECF No. 326 at 1 (requesting adjustment to sentence in light of the First Step Act).)

### IV. CONCLUSION

For the reasons set forth above, both Defendant's motion for a two-point reduction in his Sentencing Guidelines calculation (ECF No. 324), as well as his motion for sentencing relief pursuant to the First Step Act (ECF No. 326), are DENIED.

IT IS SO ORDERED.

Dated: July 11, 2019

Troy L. Nunley
United States District Judge