UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAN DAVID TIKAL;<br>TAMARA TERESA TIKAL,<br> aka Tamara Teresa Silva; and<br>RAY JAN KORNFIELD,<br><br>        Defendants. | CASE NO. 2:12-CR-00362-TLN<br><br>**ORDER** |

  Upon consideration of the United States' Ex Parte Application to Permit Access to Bureau of Prisons Facility to Further Victims' Interest ("Application"), and for good cause shown, IT IS HEREBY ORDERED that:

  1.  The Application is GRANTED.

  2.  To the extent Alan David Tikal ("Tikal") and victims Lance and Paige Mead ("Meads") have reached a compromise that would have the effect of relinquishing Tikal's claimed interest of any kind in their property and reconveying title to the Meads, Tikal's execution of documents achieving that result would not constitute a dissipation of his assets in violation of the Court's amended judgment in this case. Accordingly, the Bureau of Prisons is ordered to allow Tikal to execute such documents in furtherance of the Meads' interests.

3. Insofar as Tikal and the Victims have reached such a compromise in furtherance of the Meads' interests, the Bureau of Prisons shall: (a) permit the Victims' chosen notary public to enter the federal correctional facility where Tikal is housed, consistent with the Bureau of Prisons' security concerns, to facilitate the execution of documents; (b) provide, consistent with the Bureau of Prisons' policies and if otherwise available, notary public services to Victims through a notary not chosen by Tikal; or (c) if the options set forth in (a) or (b) above are unworkable, work with Victims' and their counsel to reasonably facilitate access of appropriate notary services.

IT IS SO ORDERED.

DATED: January 18, 2022

_____
Troy L. Nunley
United States District Judge