1
2
3
4
5
6
7

8
UNITED STATES DISTRICT COURT

9
EASTERN DISTRICT OF CALIFORNIA

10

11
UNITED STATES OF AMERICA,

12
Plaintiff,

13
v.

14
ALAN DAVID TIKAL,

15
Defendant.

16

No. 2:12-cr-00362-TLN

**ORDER**

17
    This matter is before the Court on Defendant Alan David Tikal's ("Defendant") *Pro Se*

18
Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).  (ECF No. 335.)  The Federal

19
Defender's Office notified the Court it would not assume representation of Defendant in this

20
matter.  (ECF No. 337.)  The Government filed an opposition.  (ECF No. 338.)  Defendant did not

21
file a reply.  For the reasons set forth below, the Court DENIES Defendant's motion.

22
    On September 15, 2014, Defendant was convicted following a bench trial of eleven counts

23
of mail fraud affecting a financial institution, in violation of 18 U.S.C. § 1341 (Counts 2 through

24
12), and one count of monetary transactions in criminally derived property, in violation of 18

25
U.S.C. § 1957 (Count 13).  (ECF Nos. 149, 183.)  In the presentence report ("PSR"), the

26
probation officer found a total offense level of 41 and a criminal history category of IV based on

27
a criminal history score of seven.  (ECF No. 183 at 33, 48–51.)  Defendant's criminal history

28
score was calculated by assigning five points based on prior criminal convictions and two "status

1  points" under the prior version of U.S.S.G. § 4A1.1(d).  (*Id.* at 48–51.)  At sentencing, the Court

2  adopted the PSR in full after removing the two-level enhancement under § 2B1.1(b)(16)(B)(iii)

3  and (C) for substantially endangering the solvency or financial security of 100 or more victims.

4  (ECF No. 338 at 3.)  After making this modification, the Court found a total offense level of 39.

5  (*Id.*)  Combined with a criminal history category of IV, this continued to result in an advisory

6  guideline range of 360 months to life.   (*Id.*)

7        The Court ultimately sentenced Defendant to a below-range 288-month sentence of

8  imprisonment on Counts 2 through 12 and 120 months on Count 13, to run concurrently to each

9  other.  (ECF No. 222.)  On November 4, 2024, Defendant, proceeding *pro se*, filed the instant

10  motion asking the Court to reduce his 288-month sentence to 210 months based on Amendment

11  821's "status point" provision, which became effective in November 2023 and applies

12  retroactively.  (ECF No. 335.)

13        In Part A of Amendment 821, the Sentencing Commission amended the "status point"

14  provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e).  Under the

15  amended provision, a person who otherwise presents 7 or more criminal history points now

16  receives 1 status criminal history point, instead of 2, for an offense committed while under a

17  criminal justice sentence, while a person who otherwise presents 6 or fewer criminal history

18  points receives no status points.  *Compare* U.S.S.G. § 4A1.1(d) (2021 and prior versions), *with*

19  U.S.S.G. § 4A1.1(e) (Nov. 1, 2023).

20        Defendant is not eligible for a reduction under the amended "status point" provision.[1]  The

21  Government is correct that Defendant's previously imposed sentence already falls below the

22  minimum of the amended guideline range after application of the amended status points

23  provision.  (ECF No. 338 at 6.)  *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in

24  subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C.

25  _____

26  [1]      Although Defendant does not argue he is eligible for a reduction under Amendment 821's
zero-point offender provision, the Court notes that Defendant does not qualify as a zero-point

27  offender because he was assigned criminal history points at sentencing.  *See* U.S.S.G. §
4C1.1(a)(1) (requiring a defendant to show that he did not receive any criminal history points

28  under Chapter 4, Part A).

§ 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."); *see also United States v. Zapien-Alcala*, No. 22-10314, 2024 WL 3858726, at *2 (9th Cir. Aug. 19, 2024) (finding Zapien-Alcala ineligible for resentencing, notwithstanding Amendment 821, because his 48-month sentence already fell below the minimum amended guideline range of 70 months).  The amended guideline range is 324 to 405 months.  As previously stated, Defendant's sentence is 288 months — lower than the minimum amended guideline range.

Further, the exception in subdivision (B) applies when the case involves a Government motion for a downward departure to reflect a defendant's substantial assistance.  *See* U.S.S.G. § 1B1.10(b)(2)(B).  The Government is further correct that the exception does not apply because Defendant did not provide substantial assistance.  (ECF No. 338 at 6 (citing ECF No. 215 at 5).)

For the foregoing reasons, the Court DENIES Defendant's motion.  (ECF No. 335.)

IT IS SO ORDERED.

Date: November 21, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE