UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALAN DAVID TIKAL,<br>Defendant. | No. 2:12-cr-00362-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Alan David Tikal's ("Defendant") pro se Motion for Ex Parte Application to Further His Victims' Interest. (ECF No. 345.) The Government filed a response. (ECF No. 346.) Defendant filed a reply. (ECF No. 347.) For the reasons set forth below, the Court GRANTS IN PART Defendant's motion.

On September 15, 2014, following a bench trial, Defendant was convicted of eleven counts of mail fraud affecting a financial institution, in violation of 18 U.S.C. § 1341, and one count of monetary transactions in criminally derived property, in violation of 18 U.S.C. § 1957. (ECF Nos. 149, 239.) On March 5, 2015, Defendant was sentenced to a 288-month term of imprisonment. (ECF No. 222.)

From approximately 2010 through 2013, Defendant and his co-conspirators operated a

sham mortgage relief program that defrauded over 1,000 homeowner victims. (ECF No. 331.) As part of Defendant's fraudulent scheme, victims executed deeds of trust for their properties in favor of the fraudulent business entities and Defendant as trustee/beneficiary. (*Id.*) These fraudulently obtained deeds of trust still cloud some titles of the subject properties. (*See id.* at 2.)

In 2022, the Government requested the Court order the Federal Bureau of Prisons ("BOP") to permit Defendant access to notary services to execute documents to relinquish Defendant's fraudulent interest in Lance and Paige Mead's ("Meads") deed of trust and reconvey title to the victims. (ECF No. 331.) The Government explained that BOP required a court order to allow entry of a notary for the execution of such documents due to their interpretation of Defendant's judgment. (*Id.* at 3.) Specifically, BOP prohibited such action due to Defendant's supervised condition of release prohibiting the dissipation of assets without court approval.[1] (*Id.*) On January 19, 2022, this Court found that reconveying title back to the Meads was not a dissipation of assets in violation of the judgment and ordered BOP to permit entry of a notary to execute the victims' deed documents. (ECF No. 333.)

Through the instant motion, Defendant now seeks notary access on a broader scope to release fraudulent liens on other victims' properties. (ECF No. 345 at 2.) Defendant requests this Court order mailing of letters to each victim, prepaid by the government, along with a return envelope, and order BOP to facilitate and expedite all aspects of the requested communications, including notary access. (*Id.* at 1.) Defendant also submits letters from victims and their counsel requesting notarization of title reconveyance documents. (*Id.* at 10–21.) Defendant asserts he has been unable to obtain notary services, requested through BOP, because BOP told him this Court's January 19, 2022 Order to permit notary access does not apply to other victims. (*Id.* at 2.)

The Government "does not object broadly to [Defendant's] desire to cure these defects in title. But his proposal raises significant logistical challenges." (ECF No. 346 at 1.) The Government cannot serve as a clearing house for mail, cannot represent victims in their title

[1] The second special condition of supervision provides: "The defendant shall not dispose of or otherwise dissipate any of his assets until the fine and/or restitution ordered by this Judgment is paid in full, unless the defendant obtains approval of the Court or the probation officer." (ECF No. 239 at 4.)

challenges, and there are security and facility hurdles at BOP. (*Id.* at 1–2.) Consequently, the Government proposes the following:

> First, the U.S. Attorney's Office will send a letter to the victims—using contact information it already has on file—explaining [Defendant's] stated desire to help them clear title *in exchange for no consideration*. Second, the U.S. Attorney's Office will gather information and/or documents, delivered to the U.S. Attorney's Office by a certain deadline, and transmit the same to BOP. Third, the U.S. Attorney's Office will work with BOP representatives at the facility where [Defendant] is housed to arrive at a plan to facilitate the delivery of documents to [Defendant] and/or to arrange for the notarization of documents on a reasonable timeline. And, fourth, the United States Attorney's Office will provide reasonable assistance for those victims—preferably acting through counsel—to access [Defendant's] facility to have documents notarized.

(*Id.* at 2 (emphasis in original).)

The Court commends the Government and Defendant for their efforts to clear fraudulent titles for Defendants' many victims. In light of the Government's agreement to facilitate these efforts, the only issue for the Court to address is notary access within the BOP facility.

To the extent that any of Defendant's victims request that Defendant relinquish his claimed interest in their property and reconvey title to the victims, Defendant's execution of such documents will not constitute a dissipation of assets in violation of the Court's amended judgment in this case. (ECF No. 239.) Therefore, insofar as the U.S. Attorney's Office coordinates a request for notary services with BOP after confirming the request is (1) for victim(s), (2) the victim(s) state the request furthers their interests, and (3) Defendant has not sought anything from those victim(s) in exchange for his assistance or signature on title/deed documents, then BOP shall permit Defendant access to notary services requested by the U.S. Attorney's Office and facilitate document access in furtherance of those requests, consistent with BOP's policies and security concerns. This Order is limited to Defendant's execution of documents relating to relinquishing his claimed interest in the property of his victims back to the victims.

For the foregoing reasons, the Court GRANTS IN PART Defendant's motion. (ECF No. 345.)

///

///

IT IS SO ORDERED.

DATE: November 16, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE